UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MAREK LESZCZYNSKI,
BENJAMIN CHOUCHANE,
GREGORY REYFTMANN,
and HENRY A. CONDRON,

    Defendants.

Case Number:

12 Civ. 7488 (JFK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-22-15

## ORDER TO SHOW CAUSE

On the Application of Plaintiff Securities and Exchange Commission ("Commission") for an Order directing Defendant Gregory Reyftmann ("Reyftmann" or "Defendant") to show cause why final judgment should not be entered on default, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Rule 55.2(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, on the Commission's claims against Defendant for violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]:

1. restraining and enjoining Defendant, his agents, officers, servants, employees, attorneys-in-fact, and all persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them from violating

1

Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder;

2. ordering defendant to disgorge ill-gotten gains of $3,181,068, with pre-judgment interest of $989,072, totaling $4,170,140;

3. ordering Defendant to pay civil money penalties of $4,550,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], which combined with the disgorgement and prejudgment interest is a total of $8,720,140; and

4. ordering such other and further relief as the Court deems just and proper.

The Court has considered (1) the Memorandum of Law in Support of Plaintiff's Motion by Order to Show Cause for Default Judgment as to Defendant Gregory Reyftmann, dated January 20, 2015; (2) the Declaration of A. Kristina Littman, executed on January 20, 2015, and the exhibits thereto; (3) the complaint filed in this action on October 5, 2012 (the "Complaint"); and (4) the Clerk's Certificate of Default filed in this action on November 13, 2014.

Based on the foregoing documents, the Court finds that a proper showing has been made for the relief granted herein because it appears from the evidence presented that:

1. the Defendant was properly served with a copy of the Summons and the Complaint;

2. Pursuant to Federal Rule of Civil Procedure 12(a)(1), the Defendant's deadline for answering the Complaint has expired;

3. The Defendant has not filed an answer to the Complaint;

4. The Defendant has violated and, unless permanently restrained, is reasonably likely to continue violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange and Rule 10b-5 thereunder, as charged in the Complaint; and

5. As a result of Defendant's violations, the Defendant has obtained or received funds in the amounts noted above to which he has no legitimate claim.

**THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that Defendant show cause before this Court on _February 9, 2015_, at _10:45_ a.m./~~p.m.~~ at Courtroom _20C_ of the Courthouse located at _New York_, New York, _____, why an Order should not be entered pursuant to Federal Rule of Civil Procedure 55(b)(2) and Rule 55.2(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

1. entering a default judgment against the Defendant;

2. permanently restraining and enjoining Defendant, his agents, officers, servants, employees, attorneys-in-fact, and all persons in active concert or participation with him who receive actual notice of the injunction by personal service or otherwise, and each of them from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder;

3. ordering defendant to disgorge ill-gotten gains of $3,181,068, with pre-judgment interest of $989,072, totaling $4,170,140;

4. ordering Defendant to pay civil money penalties of $4,550,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], which combined with the disgorgement and prejudgment interest is a total of $8,720,140; and

5. ordering such other and further relief as the Court deems just and proper.

II.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendant on or before January 27, 2015, by any form of mail, including carriers such as UPS and Federal Express, to Defendant Reyftmann at 9 Avenue Jean Baptiste Charcot, Vendargues 34740, France and that such service shall be deemed good and sufficient service.

III.

**IT IS FURTHERORDERED** that the Defendant shall deliver any opposing papers in response to the Order to Show Cause above no later than January 30, 2015. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the Philadelphia Regional Office of the Commission at One Penn Center, 1617 JFK Boulevard, Suite 520, Philadelphia, PA 19103, Attn: John V. Donnelly III, or to such other place as counsel for the Commission may direct in writing. The Commission shall have until February 2, 2015, to serve, by regular mail, any reply papers upon the Defendant, or upon Defendant's counsel, if counsel shall have made an appearance in this action.

Dated: January 22, 2015

SO ORDERED:

*John F. Keenan*

Hon. John F. Keenan, USDJ